**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PAULA REYNOLDS, individually and on
behalf of all others similarly situated,

Plaintiff(s),

v.

MIDLAND CREDIT MANAGEMENT, INC.

Defendant.

Case No. 1:19-cv-07188

**CLASS ACTION COMPLAINT**

Now Comes Plaintiff, PAULA REYNOLDS ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorney, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

**Parties, Jurisdiction and Venue**

1.      Plaintiff is a resident of Belleville, Illinois and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1337.

3.      Defendant Midland Credit Management, Inc. ("MCM") is incorporated in Kansas and maintains its principal place of business in San Diego, California.

4.      MCM is a debt collector as defined by §1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and MCM's principal purpose is the purchase of and collection of consumer debts.

5.      MCM purchases defaulted debts from original creditors.

6.      This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the

1

defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

7.    Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM mailed collection letters to an address within this District and MCM routinely collects consumer debts in this District and MCM sent collection letters to Plaintiff in this District. Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

<strong>Allegations</strong>

**A.    The Subject Debt**

8.    Plaintiff obtained credit (the "Debt") from Credit One Bank, N.A. and incurred the Debt for personal and household expenses. Plaintiff attempted to make timely payments on the Debt. However, due to unforeseeable financial hardships and personal distress, Plaintiff was unable to make timely payments on the Debt.

9.    Plaintiff fell in default status after she was unable to pay off the Debt.

10.    Plaintiff suffered stress and anxiety from being unable to pay the Debt.

11.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded her as a "person obligated or allegedly obligated to pay" the Subject Debt.

12.    MCM regards the Debt as "arising out of a transactions in which" money and/or services were obtained by Plaintiff from a creditor where the money and/or services were "primarily for personal, family or household purposes[.]"

**B.** **The 02-06-2019 Letter**

13.     MCM sent a letter to Plaintiff dated 02-06-2019 (hereafter the "02-06-2019

Letter"). A copy of the 02-06-2019 Letter is depicted below:



14.     On information and belief, the 02-06-2019 Letter and/or one or more of the subsequent collection letters were sent by MCM or MCM's vendor inside of an envelope which said "TIME SENSITIVE DOCUMENT" (the "Time Sensitive Envelope").

15.     Plaintiff suffered stress and anxiety whenever she received collection letters from MCM regarding the Debt, and her sense of stress and anxiety would be exacerbated whenever a collection letters was sent inside of envelopes that said TIME SENSITIVE DOCUMENT".

16.     If the 02-06-2019 Letter was mailed inside of a Time Sensitive Envelope, Plaintiff would have prioritized the opening of the  Letter in comparison to other letters that she may have received that day based upon the literal meaning of the words TIME SENSITIVE DOCUMENT".

17.     Pursuant to MCM's frequently observed practice, the 02-06-2019 Letter was mailed out over a week or more after the purported mailing date.

18.     The 02-06-2019 Letter lists three "AVAILABLE PAYMENT OPTIONS."

19.     The first option offered 40% off, the second option offered 20% off over 6 months and the third option offered monthly payments as low as $50.00 per month.

20.     The 02-06-2019 Letter included an "Offer Expiration Date" of 03-08-2019.

21.     The 02-06-2019 Letter included the phrase "[w]e are not obligated to renew any offers provided" at least two inches below the payment options *and the signature line of the Letter*. MCM placed this phrase there to minimize the impact that this language was supposed to have on consumers.

22.     After sending Plaintiff the 02-06-2019 Letter, MCM sent Plaintiff other collection letters ("Subsequent Collection Letters) in an attempt to collect the Debt.

23.     MCM's records will identify if the 02-06-2019 Letter was sent via a Time Sensitive Envelope.

### C. The Subsequent Collection Letters

24.     The Subsequent Collection Letters are dated 03-20-2019, 6-12-2019, and 7-24-2019.  MCM's records will identify which of the Subsequent Collection Letters were mailed to Plaintiff inside a Time Sensitive Envelope.

25.     A copy of the front page of the 03-20-2019 Letter is depicted below.



26.     On information and belief, the 03-20-2019 Letter and/or one or more one of the Subsequent Collection Letters were sent to Plaintiff by MCM or MCM's vendor inside a "Time Sensitive Envelope".

27.     Plaintiff suffered stress and anxiety whenever she received collection letters from MCM regarding the Debt, and her sense of stress and anxiety would be exacerbated whenever a collection letters was sent inside of envelopes that said TIME SENSITIVE DOCUMENT".

28.     If the 03-20-2019 Letter was mailed inside of a Time Sensitive Envelope, Plaintiff would have prioritized the opening of the  Letter in comparison to other letters that she may have received that day based upon the literal meaning of the words TIME SENSITIVE DOCUMENT".

29.     The upper right corner of the 03-20-2019 Letter told Plaintiff "**You are pre-approved for a 40% discount!**" (Emphasis in original).

30.     The body of the 03-20-2019 Letter said the following:

> Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 321-3809. Pay online today at MCMPay.com

(Emphasis in original).

31.     The 03-20-2019 Letter lists three "AVAILABLE PAYMENT OPTIONS."

32.     The first option offered 40% off, with a "Payment Due Date: 04-19-2019" and stated "You Pay Only" $699.90. The second option offered 20% off in the form of "6 Monthly Payments of Only" $155.53. The third option offered monthly payments as low as $50.00 per month.

33.     To the right of each offer, the 03-20-2019 Letter was formatted to include a box that started off with the phrase "Benefits of Paying!" in large font, followed by an "Offer Expiration date: 04-19-2019".  The box ended with the phrase "CALL US TODAY!"

34. The 03-20-2019 Letter included the phrase "[w]e are not obligated to renew any offers provided" at least two inches below the payment options *and the signature line of the Letter*. MCM placed this phrase there to minimize the impact that this language was supposed to have on consumers.

35. A copy of the front page of the 6-12-2019 Letter is depicted below.



36. On information and belief, the 06-12-2019 Letter and/or one or more one of the Subsequent Collection Letters were sent to Plaintiff by MCM or MCM's vendor inside a "Time Sensitive Envelope".

37. Plaintiff suffered stress and anxiety whenever she received collection letters from MCM regarding the Debt, and her sense of stress and anxiety would be exacerbated whenever a collection letters was sent inside of envelopes that said TIME SENSITIVE DOCUMENT".

38. If the 03-20-2019 Letter was mailed inside of a Time Sensitive Envelope, Plaintiff would have prioritized the opening of the Letter in comparison to other letters that she may have received that day based upon the literal meaning of the words TIME SENSITIVE DOCUMENT".

39. Pursuant to MCM's frequently observed practice, the 06-12-2019 Letter was mailed out over a week or more after the purported mailing date.

40. The 06-12-2019 Letter lists three "AVAILABLE PAYMENT OPTIONS."

41. The first option offered 40% off, the second option offered 20% off over 6 months and the third option offered monthly payments as low as $50.00 per month.

42. The 06-12-2019 Letter included an "Offer Expiration Date" of 07-12-2019.

43. The 06-12-2019 Letter included the phrase "[w]e are not obligated to renew any offers provided" at least two inches below the payment options *and the signature line of the Letter*.

44. MCM placed this phrase there to minimize the impact that this language was supposed to have on consumers.

45.     A copy of the front page of the 7-24-2019 Letter is depicted below.



46. On information and belief, the 07-24-2019 Letter and/or one or more one of the Subsequent Collection Letters were sent to Plaintiff by MCM or MCM's vendor inside a "Time Sensitive Envelope".

47. Plaintiff suffered stress and anxiety whenever she received collection letters from MCM regarding the Debt, and her sense of stress and anxiety would be exacerbated whenever a collection letters was sent inside of envelopes that said TIME SENSITIVE DOCUMENT".

48. If the 07-24-2019 Letter was mailed inside of a Time Sensitive Envelope, Plaintiff would have prioritized the opening of the  Letter in comparison to other letters that she may have received that day based upon the literal meaning of the words TIME SENSITIVE DOCUMENT".

49. The upper right corner of the 07-24-2019 Letter told Plaintiff "**You are pre-approved for a 40% discount!**" (Emphasis in original).

50. The body of the 07-24-2019 Letter said the following:

> Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 321-3809. Pay online today at MidlandCredit.com

(Emphasis in original).

51. The 03-20-2019 Letter lists three "AVAILABLE PAYMENT OPTIONS."

52. The first option offered 40% off, with a "Payment Due Date: 08-23-2019" and stated "You Pay Only" $699.90. The second option offered 20% off in the form of "6 Monthly Payments of Only" $155.53. The third option offered monthly payments as low as $50.00 per month.

53. To the right of each offer, the 07-24-2019 Letter was formatted to include a box that started off with the phrase "Benefits of Paying!" in large font, followed by an "Offer Expiration date: 03-20-2019".  The box ended with the phrase "CALL US TODAY!"

54.     The 07-24-2019 Letter included the phrase "[w]e are not obligated to renew any offers provided" at least two inches below the payment options *and the signature line of the Letter*.

55.     MCM placed this phrase there to minimize the impact that this language was supposed to have on consumers.

### D. Additional Misconduct Common to All of the Collection Letters

56.     MCM's conduct in repeatedly mailing out collection letters with the same offers – some in Time Sensitive Envelopes and others not in Time Sensitive Envelopes - resulted in consumers like Plaintiff often encountering a "TIME SENSITIVE" sense of urgency –where a false urgency was created by MCM's use "Offer Expiration date" *and* its *random* use of Time Sensitive Envelopes to transmit one or more of the Subsequent Collection Letters .

57.     MCM's practice of randomly selecting certain envelopes to mark with the words "TIME SENSITIVE DOCUMENT" resulted in consumers like Plaintiff perceiving a false, deceptive and misleading sense of urgency – of a "time sensitive" nature where the settlement offers were not always "time sensitive".

### Causes of Action

### Count I – The Time Sensitive Envelope Violates §§ 1692f and f(8)

58.     Plaintiff realleges the above paragraphs as though fully set forth herein.

59.     Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

60.     Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

61.     Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

62.     The use of the phrase "TIME SENSITIVE DOCUMENT" on the envelope used to transmit the 02/06/2019 Letter and any of the Subsequent Collection Letters violated Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

63.     Plaintiff recalls receiving more than one letter where the envelope said "TIME SENSITIVE DOCUMENT".

64.     Plaintiff understood the words "TIME SENSITIVE DOCUMENT" to mean that a "time sensitive document" was contained within the envelope.

65.     Plaintiff recalls that when she received an envelope that contained the words "TIME SENSITIVE DOCUMENT" she got nervous and immediately opened up the letters.

66.     MCM's use of the words "TIME SENSITIVE DOCUMENT" created a false sense of urgency to consumers like Plaintiff as to the words written on one or more of the above identified Collection Letters.

67.     The Time Sensitive Envelope's use of the words "TIME SENSITIVE DOCUMENT" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

68.     The Time Sensitive Envelope's use of the words "TIME SENSITIVE DOCUMENT" violates Section 1692f and in particular Section 1692f(8) of the FDCPA because printing on the Envelope in this manner unfairly and/or unconscionably

12

suggests that one or more of the above identified Collection Letters "time sensitive" when the opposite is true.

69.     As evidenced by the Subsequent Collection Letters, the 02/06/2019 Letter was not time-sensitive because MCM offered Plaintiff the same "options" in the Subsequent Letters.

70.     The Time Sensitive Envelope's use of the words "TIME SENSITIVE DOCUMENT" violates Section 1692f and in particular Section 1692f(8) of the FDCPA because these words  intended to create, and does create, *a false sense of urgency* to consumers like Plaintiff.

71.     At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside a Time Sensitive Envelope within one year of the filing of this lawsuit and the original creditor was Credit One Bank, N.A.

72.     MCM's use of the Time Sensitive Envelope satisfy the elements of typicality, commonality, predominance and superiority.

73.     On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

74.     Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified Credit One Bank, N.A. as the original creditor and the collection letters were mailed inside of envelopes containing the words "TIME SENSITIVE DOCUMENT."

75.     The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.  The class is subject to amendment if there are less than 40

class members who received the subject envelope or letter from the above identified creditor.

76. The proposed class can be defined by MCM's records.

77. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that the Time Sensitive Envelope violates the FDCPA;

b. enjoin Defendant MCM from using the Time Sensitive Envelope in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000;

d. award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Envelope;

e. award class members maximum statutory damages; and

f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – The Time Sensitive Envelope Violates § 1692e(2)(A)**

78. Plaintiff realleges the above paragraphs as though fully set forth herein.

79. Section 1692e(2)(A) specifically prohibits: "The false representation of — the character, amount, or legal status of any debt."

80. The Time Sensitive Envelope's use of the words "TIME SENSITIVE DOCUMENT" can and did create a false sense of urgency to consumers like Plaintiff.

81. Plaintiff immediately opened the Time Sensitive Envelope because of the fact that it contained the words "TIME SENSITIVE DOCUMENT."

82. Plaintiff understood the words "TIME SENSITIVE DOCUMENT" to mean that there was a time sensitive document contained within the envelope.

83. The Time Sensitive Envelope's use of the words "TIME SENSITIVE DOCUMENT" violates Section 1692e(2)(A) because printing the Time Sensitive Envelope in this manner falsely represents that the "character" or "legal status" of the contents of the Envelope was time-sensitive.

84. MCM's use of the words "TIME SENSITIVE DOCUMENT" created a false sense of urgency to a consumers like Plaintiff as to the contents of the 02/06/2019 Letter and/or the Subsequent Collection Letters.

85. At least 40 persons with addresses within this District were sent a collection letter by MCM where the collection letter was mailed inside a Time Sensitive Envelope within one year of the filing of this lawsuit where the original creditor was Credit One Bank, N.A.

86. MCM's use of the Time Sensitive Envelope satisfy the elements of typicality, commonality, predominance and superiority.

87. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

88. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified Credit One Bank, N.A. as the original creditor and the collection letters were mailed inside of envelopes containing the words "TIME SENSITIVE DOCUMENT."

89. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

90. The proposed class can be defined by MCM's records.

91.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  declare that the Time Sensitive Envelope violates the FDCPA;

b.  enjoin Defendant MCM from using the Time Sensitive Envelope in conjunction with any future collection letters;

c.  award Plaintiff statutory damages of up to $1,000;

d.  award class members actual damages if they paid their subject debt after receiving a collection letter in a Time Sensitive Envelope;

e.  award class members maximum statutory damages; and

f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – The Time Sensitive Envelope Violates § 1692e(10)**

92.     Plaintiff realleges the above paragraphs as though fully set forth herein.

93.     Section 1692e(10) specifically prohibits: "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

94.     MCM's use of the words "TIME SENSITIVE DOCUMENT" can and did create a false sense of urgency with Plaintiff and fellow consumers.

95.     MCM's use of the words "TIME SENSITIVE DOCUMENT" violated Section 1692e(10) of the FDCPA because the quoted words constitute the use of false representations and deceptive means to attempt to collect the Subject Debt.

96.     For example, Plaintiff immediately opened the Time Sensitive Envelope because it contained the words "TIME SENSITIVE DOCUMENT".

97.     Plaintiff understood the words "TIME SENSITIVE DOCUMENT" to mean that there was a time sensitive document contained within the envelope.

98.     MCM's use of the words "TIME SENSITIVE DOCUMENT" created a false sense of urgency to consumers like Plaintiff as to the words written on the 02/06/2019 Letter.

99.     At least 40 persons with addresses within this District were sent a collection letter by MCM where the collection letter was mailed inside a Time Sensitive Envelope within one year of the filing of this lawsuit where the original creditor was Credit One Bank, N.A.

100.    MCM's use of the Time Sensitive Envelope satisfy the elements of typicality, commonality, predominance and superiority.

101.    On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

102.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified Credit One Bank, N.A. as the original creditor and the collection letters were mailed inside of envelopes containing the words "TIME SENSITIVE DOCUMENT."

103.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

104.    The proposed class can be defined by MCM's records.

105.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  declare that the Time Sensitive Envelope violates the FDCPA;

    b.  enjoin Defendant MCM from using the Time Sensitive Envelope in conjunction with any future collection letters;

    c.  award Plaintiff statutory damages of $1,000;

    d.  award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Envelope;

    e.  award class members maximum statutory damages; and

    f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

### Count IV – The Collection Letters Violates §§ 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA

106.    Plaintiff realleges the above paragraphs as though fully set forth herein.

107.    As alleged above, the 02/06/2019 Letter and each of the Subsequent Collection Letters (collectively the "Offer Expiration date" collection letters) contained language intended to create a sense of urgency relative the proposed offers and the stated expiration dates.

108.    Each letter failed to notify Plaintiff of their rights under the FDCPA where MCM placed the phrase "[w]e are not obligated to renew any offers provided" at least two inches below the offers and the signature line of each "Offer Expiration date" collection letter to cause consumers like Plaintiff to

109.    MCM mailed one or more of the "Offer Expiration date" collection letters inside of a "Time Sensitive Envelope" to create a false sense of urgency to a recipient like Plaintiff.

110.    Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." MCM's practice of mailing collection letters within a "Time Sensitive Envelope" created a manufactured sense of urgency, and therefore constitutes a "false,

deceptive, or misleading representation or means in connection with the collection of any debt" in violation of Section 1692e of the FDCPA.

111. MCM's practice of mailing collection letters within a "Time Sensitive Envelope" created a manufactured false sense of urgency.

112. Further, in conjunction with MCM's use of a "Time Sensitive Envelope" and in isolation, MCM's use of the "Offer Expiration date" collection letter created a false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of Section 1692e of the FDCPA.

113. In conjunction with MCM's use of a "Time Sensitive Envelope" and in isolation, MCM's use of the "Offer Expiration date" collection letter created a false sense of urgency with regard to the "character" and "legal status" of the underlying debts in violation of Section 1692e(2)(A) of the FDCPA.

114. In conjunction with MCM's use of a "Time Sensitive Envelope" and in isolation, MCM's use of the "Offer Expiration date" collection letters created a false sense of urgency thus constitutes the use of a "false representation or deceptive means to collect or attempt to collect" a debt in violation of 1692e(10) of the FDCPA.

115. Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." In conjunction with MCM's use of a "Time Sensitive Envelope" and in isolation, MCM's use of the "Offer Expiration date" collection letters created a false sense of urgency thus constitutes an "unfair or unconscionable means to collect or attempt to collect any debt" Section 1692f of the FDCPA.

116. Additionally, the identified "Offer Expiration Date[s]" in each of the "Offer Expiration date" collection letters created a false sense of urgency to unsophisticated

consumers like Plaintiff in violation of Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f because the "Offer Expiration Date[s]" were illusory.

117. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses in this District who, within one year of the filing of this lawsuit, were mailed an "Offer Expiration date" collection letter where the original creditor was listed as Credit One Bank, N.A.

118. The allegations set forth above and in this Count satisfy the elements of typicality, commonality, predominance and superiority.

119. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

120. The proposed class can be defined by MCM's records.

121. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

> a. declare that the "Offer Expiration date" collection letters violate Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA;
>
> b. enjoin MCM from violating the FDCPA in this manner in the future;
>
> c. award Plaintiff statutory damages of $1,000;
>
> d. award class members actual or enhanced statutory damages if they paid their subject debts after receiving an "Offer Expiration date" collection letter;
>
> e. award class members maximum statutory damages; and
>
> f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

## Count VI – The Delayed Mailing of the Collection Letters Violates Sections 1692e & 1692f of the FDCPA

122.    Plaintiff realleges the above paragraphs as though fully set forth herein.

123.    Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

124.    MCM's practice of mailing collection letters a week or more after the printed mailing dates results in a shortened response time and a manufactured sense of urgency, and therefore constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of Section 1692e of the FDCPA.

125.    MCM's practice of mailing the Collection Letters depicted above a week or more after the printed mailing dates results in a shortened response time and manufactured a sense of urgency with regard to the "character" and/or "legal status" of the underlying debts, and in particular in relation to a debtor's so-called "AVAILABLE PAYMENT OPTIONS" relative to resolving the subject debts in violation of Section 1692e(2)(A) of the FDCPA.

126.    MCM's practice of mailing collection letters Collection Letters depicted above a week or more after the printed mailing dates results in a shortened response time and manufactured a sense of urgency and thus constitutes the use of a "false representation or deceptive means to collect or attempt to collect" a debt in violation of 1692e(10) of the FDCPA.

127.    Mailing out form collection letters like the Collection Letters depicted above more than a week after the purported mailing date under the above circumstances would have a material impact on a consumer reviewing the offer identified in the letter.

128.    A shortened response time, artificially created by MCM, put pressure on Plaintiff and others similarly situated and thus constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as an "unfair or unconscionable means to collect or attempt to collect any debt."

129.    MCM's practice of mailing the Collection Letters depicted above a week or more after the printed mailing dates results in a shortened response time and manufactured a sense of urgency, and therefore constitutes an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of Section 1692f of the FDCPA.

130.    On information and belief, at least 40 persons with addresses within this District received a similarly phrased Collection Letters within one year of the filing of this lawsuit where the collection letters were not mailed out on the date listed on the letter, but instead were mailed out more than one week after the purported mailing date.

131.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses in this District who, within one year of the filing of this lawsuit, were mailed a collection letter with a date specific offer expiration date where the original creditor was listed as Credit One Bank, N.A., and the collection letters were mailed one to two weeks after the date printed on the letters.

132.    The allegations set forth above and in this Count satisfy the elements of typicality, commonality, predominance and superiority.

133.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

134.    The proposed class can be defined by MCM's records.

135.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

    a. declare that the manner in which the Collection Letters were mailed well after the identified mailing date violates Sections 1692e and 1692f of the FDCPA;

    b. enjoin MCM from violating the FDCPA in this manner in the future;

    c. award Plaintiff statutory damages of $1,000;

    d. award class members maximum statutory damages; and

    e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

***Plaintiff demands a jury trial***

Dated: 10/31/2019

Respectfully submitted, on behalf of

Plaintiff Paula Reynolds individually
and on behalf of all others similarly situated,

/s/ James C. Vlahakis
James C. Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456 telephone
jvlahakis@sulaimanlaw.com